IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Derell Dewitt Wiggins,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Officer Campisi, Officer Perkins, and Officer Peterson.<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-03666-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Derell Dewitt Wiggins ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Officer Campisi, Officer Perkins, and Officer Peterson (collectively, "Defendants") of the South Carolina Department of Corrections ("SCDC"). Plaintiff asserts claims under 42 U.S.C § 1983 against Defendants, alleging they violated his constitutional rights by using excessive force while transporting him from one SCDC facility to another. [ECF. No. 1.] Plaintiff filed motions to compel discovery, ECF Nos. 43, 48, and for sanctions, ECF Nos. 42, 57, which the magistrate judge denied. Defendants move for partial summary judgment, ECF No. 58, and Plaintiff opposes the motion. [ECF No. 67.]

　　　　This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Shiva V. Hodges, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting in part and denying in part Defendants' motion. [ECF No. 71.] Defendants object.[1] [ECF No. 77.]

---

[1] Although Plaintiff filed a brief that was docketed as an objection to the Report, *see* ECF No. 85, in substance, his brief asks this court to reconsider the magistrate judge's denial of his motions to compel and for sanctions. Plaintiff does not oppose the report. *See* ECF No. 88 at 2 ("Plaintiff does not oppose Judge Shiva V. Hodges Report and Recommendation.").

1

Also pending before the court is Plaintiff's motion for reconsideration of the magistrate judge's denial of his motions to compel discovery and for sanctions. [ECF Nos. 61, 64.]

For the reasons below, the court adopts the Report and its ultimate recommendations and denies Plaintiff's motion for reconsideration.

**LEGAL STANDARDS**

**I.     Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id*. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

**II.    Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by pro se plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2005). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solicitude" applicable to pro se complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court presume a

3

genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

## DISCUSSION

### I. The Report

Plaintiff alleges Defendants violated his First and Eighth Amendment rights by using excessive force while transporting him from one SCDC facility to another. Defendants move for partial summary judgment as to Plaintiff's First Amendment claims against all Defendants and his Eighth Amendment claim against Peterson. [ECF. No. 58-1 at 8 n.3.] The magistrate judge issued a thorough Report and Recommendation, recommending the court grant in part and deny in part Defendants' motion for partial summary judgment. [ECF No. 71.] The Report sets forth in detail the relevant facts and standards of law, and the court incorporates those facts and standards with only a synopsis of the relevant facts. *See id.*

#### A. Factual Background

On February 8, 2024, Plaintiff was transferred from the Monticello Unit to the Restricted Housing Unit within the Broad River Correctional Institution. *Id.* at 2. Plaintiff alleges officers looked at him suspiciously upon arrival. *See id.* As he entered the gate, Campisi pushed him, and Perkins choked him. *Id.* Inside the building, Perkins slammed him into windows and other items inside. *Id.* Campisi and Perkins then brought him into a strip search room and proceeded to punch him in the back of the head. *Id*. at 3. After hearing the commotion, Peterson came into the room with a portable use-of-force camera. *Id*. Perkins, however, instructed Peterson not to activate it so the assault could continue. *Id*. Plaintiff later reported the incident to a mental health counselor. *Id*.

B.  **The Magistrate Judge's Recommendation**

The magistrate recommends granting summary judgment on Plaintiff's First Amendment claims because Plaintiff expressly stated he did not oppose dismissal of those claims. [ECF No. 67 at 1 ("Plaintiff does not oppose dismissing Plaintiff's First Amendment Claim against all Defendants.")].

The magistrate judge recommends denying summary judgment on the Eighth Amendment claim against Peterson. *See* ECF No. 71 at 6–7. The magistrate judge concluded a genuine issue of material fact exists as to bystander liability and qualified immunity. *Id*.

Finally, to the extent Plaintiff asserts claims against Defendants in their official capacities, the Report recommends dismissing these claims because South Carolina has not consented to being sued in this case. *Id.* at 8–9.

C.  **Defendants' Objections**

Defendants object only to the Report's conclusion that Plaintiff adequately pleaded a bystander liability claim against Peterson. [ECF No. 77 at 1.] They argue the complaint neither references bystander liability nor its elements. *Id*. Under a theory of bystander liability, an officer may be liable under § 1983 if he: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002).

A complaint, however, need not explicitly cite the doctrine or its elements. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 418–19 (4th Cir. 2014). In *Stevenson*, the court found the plaintiffs alleged bystander liability despite their complaint failing to identify the doctrine or its elements. *Id.* There, the plaintiffs brought § 1983 claims against police officers who allegedly assaulted them during their arrest. *Id*. at 413. The plaintiffs claimed "they were subjected to an

5

unreasonable seizure when they all were subjected to unreasonable and unwarranted force" and that two officers "allow[ed those actions] to be committed[.]" *Id.* at 419 (internal citations omitted). The court held this language sufficiently alleged bystander liability because it suggested the two officers "(1) knew that fellow officers were violating [plaintiffs'] constitutional rights by using excessive force, (2) had a reasonable opportunity to prevent such violations, and (3) chose not to act." *Id.*

Here, Plaintiff's complaint states "[w]hen Officer Peterson come in with the portable use of force camera Officer Fleshman[2] and Office Perkins told Officer Peterson to not cut on the camera yet so they cold beat me some more." [ECF No. 1 at 8 (errors in original).] These allegations support each element of bystander liability under *Stevenson*.

Defendants also argue Plaintiff's complaint prejudiced Peterson because it fails to put him on notice of the bystander liability claim. *See* ECF No. 77 at 2–3. But the complaint specifically names Peterson, alleges constitutional violations, and describes Peterson's failure to turn on his camera which allowed Perkins to continue beating Plaintiff. *See* ECF. No. 1 at 4–5, 8. This provided fair notice. *See Sansotta v. Town of Nags Head*, 724 F.3d 533 (4th Cir. 2013) ("We see no reason why the [plaintiffs] needed to use any special phrasing in their complaint, as this complaint gave the [defendant] fair notice of the [plaintiffs'] claims." (internal citations omitted)). Thus, the court overrules Defendants' sole objection to the Report and adopts the recommendations in full.

---

[2] Plaintiff originally asserted claims against Officer Fleshman that have been dismissed. [ECF Nos. 31, 39.]

### III.     Motion for Reconsideration

This matter is also before the court on Plaintiff's motion for reconsideration of the magistrate judge's denial of his motions to compel discovery and for sanctions. [ECF Nos. 61, 74.] These are non-dispositive matters reviewed under Rule 72(a) of the Federal Rules of Civil Procedure, which permits objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Under that rule, objections must be filed and served "within 14 days after being served a copy" of the non-dispositive order. Fed. R. Civ. P. 72(a). Further, the district court's review is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if the decision of the magistrate judge is "clearly erroneous or contrary to law" may the district judge modify or set aside any portion of the decision. *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### A.     Motion to Compel Discovery

Plaintiff filed two motions to compel, arguing Defendants failed to respond to his requests for production and interrogatories. *See* ECF No. 43, 48. The magistrate judge denied these motions as moot because Defendants represented that they sent Plaintiff responses to these requests and Plaintiff did not timely dispute that representation. [ECF No. 61 at 2.] Plaintiff objects to this conclusion, arguing he did reply but, due to his incarceration, his replies were untimely. *See* ECF No. 85 at 3, 5. At the same time, Plaintiff acknowledges he received Defendants' responses to his discovery requests. *See id.* at 2; *see also* ECF No. 88 at 7. Therefore, the magistrate judge's denial of Plaintiff's motions to compel for being moot was not clearly erroneous. Nevertheless, out of an

7

abundance of caution, the court directs Defendants to re-serve Plaintiff with complete copies of all responses to Plaintiff's discovery requests.

**B.     Motion for Sanctions**

Plaintiff also filed two motions for sanctions against Defendants. [ECF No. 42, 57.] The first seeks sanctions for Defendants' alleged failure to provide discovery responses. *See* ECF No. 42. The second seeks sanctions for Defendants' alleged destruction of camera footage depicting Plaintiff's assault. *See* ECF No. 57. The magistrate judge denied the first motion because Defendants provided the responses. [ECF No. 61 at 2.] The magistrate judge denied Plaintiff's second motion because Defendants supplied two flash drives containing videos from the day of the alleged assault to Plaintiff's correctional facility and the correctional facility confirmed Plaintiff viewed it. *See* ECF No. 61 at 2–3. Plaintiff now asserts the footage was altered or deleted. *See* ECF No. 74 at 2. Plaintiff, however, submitted no evidence that such spoliation occurred. *See Turner v. United States*, 736 F.3d 274, 281–82 (4th Cir. 2013) (holding the party seeking sanctions for spoliation bears the burden of proof). Therefore, the magistrate judge's denial of sanctions was not clearly erroneous or contrary to law, and Plaintiff's motion for reconsideration is denied.

## CONCLUSION

After viewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court adopts the Report and Recommendation of the magistrate judge. Defendants' motion for partial summary judgment, ECF No. 58, is **GRANTED** as to Plaintiff's First Amendment claims against all Defendants. Defendants' motion is **DENIED** as to Plaintiff's Eighth Amendment claim against Peterson.

In addition, Plaintiff's motion for reconsideration fails to show the magistrate judge's order is either clearly erroneous or contrary to law. Accordingly, his motion for reconsideration, ECF No. 74, is **DENIED**.

IT IS SO ORDERED.

December 15, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge